# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL H. WU and CHRISTINA T. WU, ) | |
| ) | |
| Plaintiffs, ) | Case No. 14-cv-3925 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

On June 9, 2015 this Court entered a memorandum opinion and order granting the government's motion to dismiss Mr. and Mrs. Wu's refund claims for their 2009 taxes, but denying it with respect to Mr. and Mrs. Wu's refund claims for late payment penalties from 2007 and 2008 excise taxes totaling $15,960 and Mr. Wu's refund claim for $688.41 in interest from his 2008 excise tax. Based on the government's subsequent representations made in open court, this Court permitted the government to supplement its arguments as to the $688.41 in interest payments. The government, reversing its prior positions, now concedes liability for the $15,960 in late penalties and for the interest assessed on those late penalties, including a portion of the $688.41 that Mr. Wu seeks to recover, and asks this Court to enter judgment accordingly. Mr. and Mrs. Wu, in turn, move this Court to reconsider its ruling denying their 2009 refund claims under Fed. R. Civ. P. 60(b). Both motions were fully briefed by the parties and a hearing was held on Mr. Wu's claim for the refund of interest from 2008. For the reasons set forth below, the Government's supplemental motion [83], which this Court treats as a motion for summary judgment, is granted, and Mr. and Mrs. Wu's Rule 60(b) motion [78] is denied.

**Background**

This Court refers to and incorporates herein the summary of facts from its opinion denying the government's motion to dismiss the second amended complaint, and takes additional note of the following undisputed facts. (*See* Dkt. 32).

The IRS sent Mr. Wu a letter on June 4, 2010 memorializing an agreement in which Mr. Wu agreed to pay his 2007 and 2008 excise tax obligations by June 7, which at that time were agreed to be $32,442.12, including penalty and interest charges to that date. (Dkt. 34 Exh. F-1.) Mr. Wu had already sent the IRS a check for that amount on June 1, which arrived at the IRS on June 11th. (Dkt. 34 Exh. F-2). On June 7th, however, the IRS sent Mr. Wu two notices of changes in his excise tax returns. For 2007, the IRS calculated that Mr. Wu now owed $12,000 in taxes, an additional late payment penalty of $1,560, a filing late penalty of $2,700, and $1,544.12 in interest, for a total of $17,804.12. (Dkt. 34 Exh. B-2). For 2008, the IRS calculated that Mr. Wu now owed $12,000 in taxes, an additional late payment penalty of $840, a filing late penalty of $2,700, and $689.00 in interest, for a total of $16,229.00. (*Id.*). Thus, as of June 7th, Mr. Wu's purported excise tax obligations for 2007 and 2008 exceeded the value of the check that he had sent by $1,590. Upon receiving Mr. Wu's check, the IRS first satisfied Mr. Wu's 2007 obligations as stated in the June 7th notice, including an additional $7.81 in interest assessed since June 7, for a total of $17,811.93. (Dkt. 83 Exh. 1). The IRS then directed the remaining $14,631.19 to Mr. Wu's 2008 obligations as set forth by the June 7th notice, leaving a remaining balance of $1597.81 due. (*Id.*). That balance, with an additional $10.82 in interest, was subsequently paid by crediting $1,608.63 from Mr. Wu's 2009 income tax refund. (*Id.*).

Although the government previously disputed Mr. and Mrs. Wu's claims for the refund of the 2007 and 2008 late payment penalties, the government now concedes that it must refund those penalties, in the amount of $15,960 plus interest from the dates of payment. The government also

2

concedes liability for any interest payments made on those late payment penalties, including the interest assessed against Mr. Wu in 2008. The government thus concedes that judgment should enter against it on Mr. and Mrs. Wu's unresolved claims (i.e. the claim for 2008 interest and the claims for refund of late payment penalties).

Mr. Wu previously contended that he is owed $688.41 in interest for 2008. In light of additional documentation provided by the government in support of this motion, however, Mr. Wu now contends that he is entitled to $1,627.26, consisting of the $1,608.63 that he was "overcharged" plus the $7.81 and $10.82 interest charges. (Dkt. 85 p. 7). The government contests this claim, instead arguing that Mr. Wu is only entitled to the $145.62 in interest assessed as a result of the now-disavowed late payment penalties.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012). When, however, matters outside the pleadings are presented to a Court deciding a motion to dismiss, that Court must either convert the motion to dismiss into one for summary judgment or exclude the additional matters. Fed. R. Civ. P. 12(d); *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). At the hearing held in this case, this Court noted that the government had submitted documentary evidence outside the pleadings and was requesting relief, including the entry of judgment in the Wu's favor, unavailable on a motion to dismiss. Accordingly, this Court informed the parties that it would convert the government's motion into one for summary

3

judgment, a proposition to which neither party objected. This Court therefore reviews the government's motion accordingly.

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In determining whether a genuine issue of material fact exists, this Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). However, "[m]erely alleging a factual dispute cannot defeat the summary judgment motion." *Samuels v. Wilder*, 871 F.2d 1346, 1349 (7th Cir. 1989).

**Discussion**

*Mr. Wu's 2008 Interest Claim*

As an initial matter, this Court considers and rejects Mr. Wu's argument that he is entitled to recover $1,627.26, the difference between what he was supposed to pay on June 7th and what he actually ended up paying (the "overcharge") in addition to subsequently charged interest. Because the late payment penalties which the government now concedes that it must refund were part of the $34,033.12 that Mr. Wu ended up ultimately paying pursuant to the June 7th letters, Mr. Wu is already receiving the overcharge back in the form of those refunded late payment penalties. Mr. Wu therefore cannot separately recover the overcharge as improperly paid interest.

This Court turns to the government's calculation of the interest owed to Mr. Wu for 2008. Here, uncontroverted documentary evidence shows that, of $689 in interest charged to Mr. Wu for the 2008 tax year, $554.20 of that interest was assessed on the underlying valid tax debt, while the remainder was assessed on the late payment penalties. Thus, the government argues that Mr. Wu is entitled to the refund of $134.80, comprising the interest based on the now-disclaimed late payment

4

penalties, as well as $10.82 in interest that was subsequently assessed, for a total of $145.62. Mr. and Mrs. Wu do not introduce any evidence to controvert this calculation or to show that they are entitled to the refund of any additional interest payments, and accordingly have not established that a genuine dispute of material fact exists as to how much interest they are owed from the 2008 tax year. Accordingly, this Court grants summary judgment in favor of Mr. and Mrs. Wu on the remaining counts, and awards them the damages set forth in the attached judgment order, which include the refund of $145.62 in interest for 2008, $15,960 in late payment penalties, and the refund of additional interest amounts resulting from the late payment penalties that are not separately raised as claims in the present action.

*Mr. and Mrs. Wu's Motion for Reconsideration*

Mr. and Mrs. Wu separately move this Court this Court to reconsider its ruling dismissing their refund claims for the 2009 tax year under Federal Rule of Civil Procedure 60(b). In support of reconsideration, Mr. and Mrs. Wu argue that the government engaged in fraudulent conduct or made misrepresentations of the facts or law. Rule 60(b) provides that, on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for various reasons, including fraud, misrepresentation, or misconduct by an opposing party. Because this Court's June 9th order dismissing Mr. and Mrs. Wu's 2009 claims did not constitute a final judgment, it is not ripe for reconsideration pursuant to Rule 60(b) at this time. This Court further notes that Mr. and Mrs. Wu's allegations of fraud, misrepresentation, and misconduct all hinge on underlying disagreements with the government over the merits of their claims, and accordingly do not constitute the type of wrongful conduct warranting reconsideration under Rule 60(b). *See Walsh v. McCain Foods Ltd.*, 81 F.3d 722, 726 (7th Cir. 1998) (recognizing that a movant under Rule 60(b)(3) must be able to show that the alleged fraud, misrepresentation, or misconduct prevented them from being able to fully and fairly present their case).

**Conclusion**

For the foregoing reasons, this Court denies Mr. and Mrs. Wu's Rule 60(b) motion for reconsideration, grants summary judgment in favor of Mr. and Mrs. Wu with respect to their refund claims for 2007 and 2008 late payment penalties and for 2008 interest payments, and enters the accompanying final judgment order.

SO ORDERED.

_____
Sharon Johnson Coleman
United States District Court Judge

DATED: February 16, 2016